1  **WRIGHT, FINLAY & ZAK, LLP**
2  Jonathan D. Fink, Esq., SBN 110615
   Yelena Cayton, Esq., SBN 258380
3  4665 MacArthur Court, Suite 280
4  Newport Beach, CA 92660
   Tel. (949) 477-5050; Fax (949) 477-9200
5  jfink@wrightlegal.net; hcayton@wrightlegal.net
6
7  Attorneys for Defendant, WESTERN PROGRESSIVE, LLC
8
9              **UNITED STATES DISTRICT COURT**
10        **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
11
12  ROBERT RUBIO,                    Case No.: 3:15-cv-00677-JAH-DHB
13                    Plaintiff,     [Assigned to the Hon. John A. Houston]
14  vs.
15  WESTERN PROGRESSIVE, LLC,        **MEMORANDUM OF POINTS AND**
                                     **AUTHORITIES IN SUPPORT OF**
16                                   **MOTION TO DISMISS**
                    Defendants.
17
                                     **[FRCP Rule 12(b)(6)]**
18
19                                   Date:  June 8, 2015
20                                   Time: 2:30p.m.
                                     Ctrm:  13B
21
22
23                                   *Filed concurrently with Notice of*
                                     *Motion and Request for Judicial Notice*
24
25                                   Complaint filed: February 23, 2015
26
27
28
                                    -1-

                        **MOTION TO DISMISS**

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    **INTRODUCTION**

On March 8, 2007, Plaintiff ROBERT RUBIO ("Plaintiff" or "Rubio") borrowed $324,000.00 ("Loan") from non-party Countrywide Bank, N.A. ("Countrywide"), securing that transaction with a deed of trust ("DOT") to the property commonly known as 5504 Roanoke Street, San Diego, CA 92139 ("Property"). A true and correct copy of the DOT is attached to the concurrently filed Request for Judicial Notice ("RJN") as **Exhibit "1."** On September 22, 2011, an Assignment of Deed of Trust ("Assignment") was recorded, formally evidencing the transfer of interest under the DOT to non-party Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP *fka* Countrywide Home Loans Servicing LP ("Bank of America"). A true and correct copy of the Assignment is attached to the RJN as **Exhibit "2."**

Unfortunately, Plaintiff defaulted upon his obligations under the DOT, and on February 3, 2012, when Plaintiff was over $76,000.00 behind on his payments, the original trustee under the DOT, non-party Recontrust Company, N.A., caused to be recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD"). A true and correct copy of the NOD is attached to the RJN as **Exhibit "3."** On November 5, 2014, Bank of America caused to be recorded a Substitution of Trustee, substituting Defendant WESTERN PROGRESSIVE, LLC ("Western Progressive") as trustee under the DOT. Since Plaintiff failed to cure his default under the DOT, on December 12, 2014, Western Progressive caused to be recorded a Notice of Trustee's Sale ("NOTS"). A true and correct copy of the NOTS is attached to the RJN as **Exhibit "4."** As of the date of this motion, the sale has not yet occurred.

On February 18, 2015, Plaintiff filed this lawsuit ("Action") in the Superior Court of California, County of San Diego, alleging that Western Progressive has

-2-

**MOTION TO DISMISS**

violated sections 1692g(b), 1692(e), and 1692e(2) of the Federal Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and section 1788 of California's Civil Code. On March 26, 2015, Western Progressive removed the Action to this Court.

## II.   THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

### A.   STANDARD OF REVIEW

The current standard to be applied to a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to FRCP Rule 12(b)(6) is clear. As stated in Stinson v. Home Insurance Co.: "Although [claimants] need to provide only a 'short and plain statement of the claim,' [pursuant to FRCP Rule 8]…where the claims … are insufficiently supported by factual allegation, the claims may be disposed of by summary dismissal." 690 F.Supp. 882, 886 (N.D. Cal. 1988). Although all well-pled facts are deemed true in ruling on a motion to dismiss, conclusory allegations are disregarded. Balistreri v. Pacifica Police Department, 855 F.2d 1421, 1424 (9th Cir. 1988); McCarthy v. Mayo, 827 F.2d 1310, 1316 (9th Cir. 1987). The United States Supreme Court has stated that "formulaic recitation of the elements of a cause of action will not suffice." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). See also Ashcroft v. Iqbal, 556 US 662 (2009) (holding that Twombly applies in all cases, not just antitrust). *A claimant cannot avoid this bar by clothing legal conclusions in the guise of facts to take advantage of the liberality with which courts otherwise view pleadings.* Western Mining Council v. Watt, 643 F.2d 618, 624, (9th Cir. 1981) (Emphasis added).

Moreover, the Court "may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint" or by documents referred to in the complaint. Sumner Peck Ranch v. Bureau of

-3-

1    <u>Reclamation</u>, 823 F. Supp. 715, 720 (E.D. Cal. 1993); <u>Marder v. Lopez</u>, 450 F.3d

2    445, 448 (9th Cir. 2006) (a "court may consider evidence on which the complaint

3    'necessarily relies' if: (1) the complaint refers to the document; (2) the document is

4    central to the plaintiff's claim; and (3) no party questions the authenticity of the

5    copy attached to the 12(b)(6) motion.") Documents integral to a claimant's claims

6    may be attached to a motion to dismiss because claimant is obviously aware of

7    their contents and it prevents "[claimants] from surviving a Rule 12(b)(6) motion

8    by deliberately omitting reference to documents upon which their claims are

9    based." <u>Parrino v. FHP, Inc.</u>, 146 F.3d 699, 706 (9th Cir. 1998).   Likewise, the

10    Court does not have to accept alleged facts as true, when they contradict matters

11    subject to judicial notice. <u>Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.</u>,

12    245 F.2d 67, 70 (9th Cir. 1956).

13       In May 2009, the Supreme Court, in <u>Ashcroft v. Iqbal</u>,  admonished that

14    FRCP Rule 8 "demands more than an unadorned, the-defendant-unlawfully-

15    harmed-me accusation." 556 US 662, 678 (2009).  The Supreme Court made clear

16    that "threadbare recitals of a cause of action's elements supported by conclusory

17    statements" are insufficient to overcome a motion to dismiss. <u>Id</u>. While legal

18    conclusions can provide the framework of a complaint, they must be supported by

19    factual allegations." <u>Id</u>.

20       Examining the allegations of the Complaint in the instant action, it is readily

21    apparent that the Complaint falls far short of the pleading requirements needed to

22    survive a motion to dismiss.

23    ///

24    ///

25    ///

26    ///

27    ///

28

-4-

**MOTION TO DISMISS**

**B.     ANALYSIS OF THE CLAIMS**

**1.     Plaintiffs's First Claim for Violation of the FDCPA Fails Because Western Progressive is Not a Debt Collector and Did Not Engage in Debt Collection Within the Meaning of the Statute**

In his Complaint, Plaintiff alleges that Western Progressive violated the Fair Debt Collection Practices Act ("FDCPA"). The FDCPA was enacted as a broad remedial statute designed to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692(e). "In order to establish a claim under the [FDCA], a plaintiff must show: (1) that he is a consumer within the meaning of 15 U.S.C. §§ 1692a(3) and 1692c(d); (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) that the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a-1692o." Geist v. OneWest Bank, 2010 WL 4117504, *2 (N.D.Cal. 2010) (internal citations omitted).

To be held liable for violation of the FDCPA, a defendant must - **as a threshold requirement** - fall within the Act's definition of "debt collector." Izenberg v. ETS Services, LLC, 589 F.Supp.2d 1193, 1198 (C.D. Cal. 2008). "The FDCPA comprehensively regulates the conduct of debt collectors, imposing affirmative obligations and broadly prohibiting abusive practices." Gonzales v. Arrow Financial Services, LLC, 600 F.3d 1055, 1060-61 (9th Cir. 2011). "Because these prohibitions apply only to 'debt collector[s]' as defined by the FDCPA, the complaint must plead 'factual content that allows the court to draw the reasonable inference' that [the defendant] is a debt collector." Schlegel v. Wells Fargo Bank, NA, 720 F.3d 1204, 1208 (9th Cir. 2013), citing to Iqbal, 556 US at 678. See also Heinz v. Jenkins, 514 U.S. 291, 294 (1995).

-5-

**MOTION TO DISMISS**

The term "debt collector" is defined as: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6). The statute expressly excludes from its scope "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as secured party in a commercial credit transaction involving the creditor." 15 USC § 1692(a)(6)(F).

Here, Plaintiff cannot, as a matter of law, allege that Western Progressive was acting as a debt collector engaged in the process of collecting debt.  Like servicers, foreclosure trustees are not, as a matter of law, considered to be debt collectors within the meaning of the FDCPA. Gomez v. Wells Fargo Home Morg., 2011 WL 5834949 at *6 (N.D. Cal. 2011); Pfeifer v. Countrywide Home Loans, Inc., 211 Cal.App.4th 1250, 1263 (2012); Ligon v. JP Morgan Chase Bank, 2011 WL 2550836 at *3 (N.D. Cal. 2011);

Furthermore, even if Western Progressive was considered to be a "debt collector" under the Act, it was not engaged in the process of "debt collection." The FDCPA does not apply to collection efforts related to mortgage loans. See, e.g., Hulse v. Ocwen Fed. Bank, FSB, 195 F.Supp.2d 1188, 1204 (D.Or.2002); Izenberg v. ETS Services, LLC, 589 F.Supp.2d 1193, 1199 (C.D. Cal., 2008); Gardner v. Am. Home Mortg. Serv., Inc., 691 F.Supp.2d 1192, 1198 (E.D. Cal. 2010).

-6-

**MOTION TO DISMISS**

1    Though the Ninth Circuit has yet to determine if foreclosure proceedings
2  constitute "debt collection" within the scope of the FDCPA, the vast majority of
3  the district courts within the circuit generally have found that they are not. <u>Monreal</u>
4  <u>v. GMAC Mortg., LLC</u>, 2013 WL 2444165, *14 (S.D. Cal. 2013) (noting that most
5  district courts in the Ninth Circuit have found that foreclosure proceedings do not
6  constitute "debt collection" for purposes of the FDCPA); <u>Gomez</u>, <u>supra</u> at * 6; <u>See,</u>
7  e.g., <u>Garfinkle v. JPMorgan Chase Bank</u>, 2011 WL 3157157, *3 (N.D. Cal. 2011)
8  (collecting cases); <u>Zhang v. Countrywide Home Loans, Inc.</u>, 2012 WL 1245682,
9  *11 (N.D. Cal. 2012); <u>Natividad v. Wells Fargo Bank, N.A.</u>, 2013 WL 2299601,
10  *5 (N.D. Cal. 2013). Simply put, "foreclosing on [a] property pursuant to a deed of
11  trust is not the collection of a debt within the meaning of the FDCPA." <u>Izenberg v.</u>
12  <u>ETS Services, LLC</u>, <u>supra</u>, at 1199.

13    Moreover, the Ninth Circuit has already expressly held that a foreclosure
14  sale notice issued pursuant to *California Civ. Code* §2924 et seq. does not seek to
15  collect a debt and such notices are not the type of conduct forbidden by the
16  FDCPA. <u>Santoro v. CTC Foreclosure Service</u>, 12 Fed.Appx. 476 (9th Cir. 2001).
17  For all of the foregoing reasons, Western Progressive is cannot be held liable for
18  any alleged violation of the FDCPA, and this Motion should be granted.

19      **2.    Plaintiff's Second Claim for Violation of California Civil Code**
20            **Section 1788 Fails**

21    The California Rosenthal Fair Debt Collection Practices Act ("RFDCPA")
22  was enacted "to prohibit debt collectors from engaging in unfair or deceptive acts
23  or practices in the collection of consumer debts, and to require debtors to act fairly
24  in entering into and honoring such debts." <u>Sipe v. Countrywide Bank</u>, 690 F. Supp.
25  2d 1141, 1151(E.D. Cal. 2010) (*citing*, Civ. Code § 1788.1). A debt collector
26  violates the act when it engages in harassment, threats, the use of profane
27  language, false simulation of the judicial process, or when it cloaks its true nature
28

-7-

**MOTION TO DISMISS**

as a licensed collection agency in an effort to collect a consumer debt. Id. (*referencing*, Civ. Code §§ 1788.10-1788.16).

   To be subject to a claim under the RFDCPA, a defendant must be a "debt collector" as defined by the RFDCPA. Izenberg v. ETS Services, LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008); Civ. Code § 1788.2(c). A mortgage loan servicer or trustee is not considered to be a "debt collector" under the RFDCPA, which defines that term as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Sipe, supra, 690 F. Supp. 2d at 1151 (*citing*, Civ. Code § 1788.2(c)). The term "debt collection" means "any act or practice in connection with the collection of consumer debts," and "consumer debt" means "money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction." Id. (*citing*, Civ. Code § 1788.2(f)). In turn, "consumer credit transaction" means "a transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes." Id. (*citing*, Civ. Code §§ 1788.2(b) & (e)). Moreover, a nonjudicial foreclosure pursuant to the power of sale provision in a deed of trust is not considered as "debt collection" under the RFDCPA and "does not invoke the statutory protections of the RFDCPA." Id. (*citing*, Collins v. Power Default Servs., Inc., 2010 WL 234902, *3 (N.D. Cal. 2010); Castaneda v. Saxon Mortgage Services, Inc., 687 F. Supp. 2d 1191, 1197 (E.D. Cal. 2009); Gonzalez v. First Franklin Loan Services, 2010 WL 144862, *7 (E.D. Cal. 2010) ("[F]oreclosure related actions ... do not implicate the RFDCPA"). For all of the foregoing reasons, Western Progressive cannot be held liable for any alleged violation of the RFDCPA, and this Motion should be granted.

-8-

### 3.     The Entire Complaint Should be Dismissed Because Plaintiff's Allegations are Conclusory, At Best

Even if, arguendo, Western Progressive could be considered a "debt collector" who engaged in "debt collection" under either the FDCPA or the RFDCPA, Plaintiff's claims also fail because Plaintiff did not allege any factual allegations establishing the applicability of either statute to Western Progressive. Plaintiff's conclusory allegations do not support his claims. Beyond being extremely vague and conclusory, Plaintiff's allegations are insufficient to put Western Progressive on notice of its alleged wrongful conduct. Accordingly, Plaintiff's claims must fail and the Motion should be granted.

## III.    CONCLUSION

For the foregoing reasons, Western Progressive respectfully requests that this Court grant its Motion to Dismiss without leave to amend, and dismiss the Action with prejudice.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated:  April 15, 2015          By:   */s/Yelena Cayton*
                                      Yelena Cayton, Esq.
                                      Attorney for Defendant,
                                      WESTERN PROGRESSIVE, LLC

-9-

**MOTION TO DISMISS**

**PROOF OF SERVICE**

I, Erica Gonzalez, declare as follows:

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660.

On April 15, 2015, I served the foregoing document described **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE SERVICE LIST**

[X]   (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Newport Beach, California. I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service pursuant to which practice the correspondence is deposited with the U.S. Postal Service the same day in the ordinary course of business.

[ ]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E).  A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 15, 2015, at Newport Beach, California.

Erica Gonzalez

1

1

## <u>SERVICE LIST</u>

2

3

Robert Rubio

4

5504 Roanoke Street

San Diego, CA 92139

5

6

***Pro Per Plaintiff***

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

PROOF OF SERVICE