**FILED**

May 14 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ s/ valeriem _____ DEPUTY

ROBERT RUBIO
5504 Roanoke Street
San Diego, California 92131

### IN THE UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

NUNC PRO TUNC
5/14/2015

| | |
|---|---|
| ROBERT RUBIO | Case No. 15cv-00677-JAH-DHB |
| Plaintiff, | |
| V. | PLAINTIFFS OPPOSITION TO MOTION TO DISMISS |
| | June 8, 2015 |
| WESTERN PROGRESSIVE, LLC | 2:30 P.M. |
| | CTRM: 13B |
| Defendant. | |

### PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

COMES NOW the Plaintiff, Robert Rubio with his opposition to defendant motion to dismiss.

### STATEMENT

Plaintiff is responding to defendant memorandum and all arguments asserted in Defendants motion to dismiss. Their motion request that this complaint be dismissed for the following reasons.

1. This is an action brought pursuant to the Fair Debt Collection Practices Act, 15 USC Section 1601, et seq., and the Fair Credit Reporting Act 15 USC Section 1681, et seq.

2. The Plaintiff fails to allege any action of the Defendant relating to credit reports, credit reporting, or issuance of dissemination of credit information regarding the Plaintiff; or any

act that would be in contravention of the Fair Credit Reporting Act. Thus, there is no claim stated for which relief could be granted under this provision.

3. The Plaintiff finds no argument to the Defendants motion. The Plaintiff agrees that this action is brought under the Fair Debt Collection Practices Act, 15 USC Section 1601, et seq., and the Fair Credit Reporting Act 15 USC Section 1681, et seq.

## MEMORANDUM POINTS AND AUTHORITIES
### A loan servicer as debt collector

BANK OF AMERICA is the purported loan servicer that we believed acquired the loan servicing rights, if at all, after the loan went into default. As such, we believe WESTERN PROGRESSIVE (and WESTERN PROGRESSIVE foreclosure trustee - as their agent) are debt collectors subject to the provisions of the FDCPA (Federal Fair Debt Collection Practices Act). As such, a response to this letter is required to be transmitted in writing to my law firm within dates set for statutory compliance.

Under the *Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq. / Section 805 et seq.)* (hereinafter "FDCPA") when a "*debt collector*" initiates a communication designed to collect a debt, which may include by way of examples

1. Sending loan acceleration notices;
2. Making phone calls demanding payments from borrowers;
3. Demanding balloon payments be paid in full;
4. Sending and recording notices of default and notices of sale;
5. Demanding payment on loan modification trial plans or forbearance agreements;
6. Other debt collection related activities.

These acts can result in a loan servicer and its agents being required to "validate the debt" alleged to be owed, and to comply with other important provisions of the FDCPA as set forth below. See *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010) which noted:

"The Fair Debt Collection Practices Act generally prohibits "debt collectors" from engaging in abusive, deceptive, or unfair debt-collection practices. 15 U.S.C. § 1692 *et seq.* Among other things, the FDCPA regulates when and where a debt collector may communicate with a debtor, *id.* § 1692c; restricts whom a debt collector may contact regarding a debt, *id.*; prohibits the use of harassing, oppressive, or abusive measures to collect a debt, *id.* § 1692d; and bans the use of false, deceptive, misleading, unfair, or unconscionable means of collecting a debt, *id.* §§ 1692e, 1692f."

The *Gburek* Court continued:

"For the FDCPA to apply, however, two threshold criteria must be met. First, the defendant must qualify as a "debt collector," which the FDCPA defines as any person who **"uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts"** or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6). Here, the parties agree that Litton is a "debt collector" under the statute. Second, **the communication by the debt collector that forms the basis of the suit must have been made "in connection with the collection of any debt."** *Id.* §§ 1692c(a)–(b), 1692e, 1692g."

Here, WESTERN PROGRESSIVE, LLC has made multiple attempts to collect on the debt, has made phone calls and sent letters to Plaintiff demanding that the loan be paid and/or informing her via recorded notices of default, notices of sale, sending her assignments of deed of trusts, etc., sufficient to make the above parties "debt collectors" under the FDCPA.

Moreover, other Courts have noted that the role of "*debt collection*" is assumed by a loan servicer who acquires the servicing rights after the mortgage is alleged to be in default. For example see *Klohs v. Wells Fargo Bank, N.A.*, 901 F. Supp. 2d 1253, 1258 (D. Haw. 2012) which discussed:

"The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Interpreting that definition, courts have consistently held that the FDCPA does not apply to, among others, mortgage servicing companies, or assignees of the mortgage debt, if the debt was not in default at the time the debt was obtained. *See Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir.1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, *as long as the debt was not in default at the time it was assigned.*"); *see also, e.g., Bailey v. Sec. Nat'l Servicing Corp.*, 154 F.3d 384, 387 (7th Cir.1998) ("The plain language of § 1692a(6)(F) tells us that an individual is not a 'debt collector' subject to the [FDCPA] if *the debt he seeks to collect was not in default at the time he purchased* (or otherwise obtained) it."); *Soriano v. Wells Fargo Bank, N.A.*, 2012 WL 1536065, at *8 (D.Haw. Apr. 30, 2012)"

The Court also noted:

"The Wells Fargo Defendants are not 'debt collectors' under the FDCPA *if they were loan servicers that were servicing the loans before they went into default and thereafter sought to collect the debt.*"); *Fed. Nat'l Mortg. Ass'n v. Kamakau*, 2012 WL 622169, at *8 (D.Haw. Feb. 23, 2012) (reiterating that "original lenders, creditors, mortgage servicing companies, and mortgage brokers generally do not qualify as 'debt collectors' [under the FDCPA]") (citing cases); *Wende v. Countrywide Home Loans, Inc.*, 2012 WL 642879, at *4 (S.D.Cal. Feb. 28, 2012) (concluding that "a loan servicer is not a debt collector *if it acquired the loan before the borrower was in default*"); *Lettenmaier v. Fed. Home Loan Mortg. Corp.*, 2011 WL 3476648, at *14 (D.Or. Aug. 8, 2011) (explaining that "mortgage servicers are not debt collectors *only when the underlying loan is taken for servicing before the default*")"

By this standard, WESTERN PROGRESSIVE, LLC and its attorney seeking to enforce the lien (keeping in mind that we believe the substitutions of Trustee to be VOID on their face – no requirements of "tender" to challenge a VOID assignment) are debt collectors of the alleged amounts due on my Clients loan, because they are believed to have begin debt collection activities after my Client filed bankruptcy and after the loan was initially in default.  Therefore, failure to comply with the FDCPA can lead to legal liability under the FDCPA.

**Attorneys seeking to enforce a lien have also been found to be "debt collectors" obligated to comply with the FDCPA**

As noted above and in *Piper v. Portnoff Law Associates, Ltd.*, 396 F.3d 227, 234 (3d Cir. 2005):

> "I am not persuaded by WPL argument that its practices cannot be found to be covered by the FDCPA because **all it ever tried to do was enforce a lien** in the manner dictated by the BOFA. WPL **letters and calls** prior to filing suit, as we have demonstrated, come within the plain meaning of the text of the FDCPA. The same can be said about many of the papers that PLA sent to the Pipers in the course of litigation. This settles the matter. As PLA acknowledges, the Pipers' consumption of water created a personal debt that could be collected in an action in assumpsit. ***The fact that the MCTLA provided a lien to secure the Pipers' debt does not change its character as a debt or turn PLA's communications to the Pipers into something other than an effort to collect that debt.***"

So the law firm that aids the debt collector in enforcing the lien should be held to the same standards and provisions set by the FDCPA in seeking to collect on the debt.

**Alleged violations of the FDCPA**

Congress passed the FDCPA in 1977 with the stated purposes of eliminating "abusive debt collection practices," ensuring "that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged," and promoting "consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). In furtherance of these purposes, the FDCPA bans a variety of debt collection practices and allows individuals to sue offending debt collectors.   Plaintiff's main grievances at this time is that WESTERN PROGRESSIVE, LLC and its agents have committed three material violations of the FDCPA:

1. 15 U.S.C. § 1692e, provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." (We believe the assignment of the deed of trust, and the subsequent attempts to record a Notice of Default and Notice of Sale, along with letters and phone calls made to my Client to enforce her alleged debt violation this section).  My concerns over violation of the CHBOR are incorporated into this letter, and form additional basis for arguing a violation of the FDCPA.

2. 15 U.S.C. § 1692f, provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

3. A debt collector must provide the "*mini-miranda*" warnings when seeking to collect a debt under this section. My Client never received the information required under the FDCPA.

As such, given my concerns over the servicing and attempted foreclosure of this loan, under both the FDCPA and CHBOR, we hereby request and require respectfully that you 'validate the debt' as this is defined under the FDCPA.  See also *Alibrandri v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82 (2d Cir. 2003) (holding that a debt was in "default" and a service provider was a "debt collector", by virtue of the service providers collection letter declaring the debt in default and informing the debtor that the service provide was, in fact, a debt collector).

Lastly, In *Glazer v. Chase Home Finance*, however, Lawrence Glazer inherited a home that was in default due to the owner's death. After discovering that the mortgage was not properly assigned to Chase, Glazer sued Chase and its foreclosing law firm for FDCPA and Ohio violations. The district court dismissed, agreeing with the defendants that the debt collection laws did not apply, but the Sixth U.S. Circuit Court of Appeals reversed.

The loan was taken out in 2003 by Charles Klie from Coldwell Banker. Coldwell promptly assigned its rights to Fannie Mae, but this was never publicly recorded. As a result, the note was never legally assigned to Fannie Mae. It later transferred its servicing rights to JP Morgan Chase, which also required that Coldwell reassign its now nonexistent rights to the note and mortgage to Chase, which reassigned them to Fannie Mae. Chase serviced the loan for three more months, during which time Klie made timely payments. He died the next month and, with no one to make payments, the loan fell into arrears. Chase hired defendant Reimer, Arnovitz, Chernek & Jeffrey, a law firm, to bring a foreclosure lawsuit. RACJ prepared an assignment from JP Morgan--whose rights did not exist because of the original Fannie Mae reassignment--to the Chase arm that was foreclosing.

It then filed a foreclosure lawsuit, saying the original note had been lost. Glazer was named as a person with an interest in the property. He disputed the debt and asked for verification, which RACJ refused to provide. The Ohio court eventually granted a foreclosure, but then vacated its judgment and requested the original note. RACJ scheduled but then canceled a foreclosure sale, and Chase eventually dismissed the bankruptcy. During this process, Glazer sued Chase and RACJ for FDCPA and Ohio law violations, saying they falsely stated that Chase owned the rights to the mortgage; improperly scheduled a foreclosure sale; and refused to verify the debt on request. The district court dismissed the federal claims and denied Glazer leave to amend. He appealed.

The Sixth Circuit reversed this, saying Glazer should be permitted to apply the FDCPA to foreclosure. The district court was right that Chase is not a "debt collector" under the FDCPA, because it began servicing the loan while it was current. However, the allegations against RACJ should survive, the Sixth said, because its foreclosure lawsuit was debt collection under the law. The FDCPA does not define "debt collection," but the court found that its definition of "debt" encompasses a mortgage. It also defines collection broadly enough to include foreclosure activities. It doesn't expressly exclude secured debts, the court said, and indeed some sections can be read to include foreclosures. And at least two other circuits have come to the same conclusion.

"There can be no serious doubt," the Sixth said, "that the ultimate purpose of foreclosure is the payment of money." Thus, it reinstated the lawsuit except for the federal allegations against Chase.

Plaintiff strongly agrees with the Sixth Circuit that there's no doubt that foreclosures are attempts to collect money. After all, the bank doesn't want to own the physical property, typically a money-loser for banks--it wants the underlying debt to be repaid. The FDCPA is more typically asserted against debt collectors trying to collect unsecured debts, for things like medical care or credit cards, which may be the source of the lower courts' disagreement.

WHEREFORE, Based upon the foregoing above the Plaintiff request that this action move forward and motions to dismiss be respectfully not granted.

DATED: 5/14/2015               RESPECTFULLY SUBMITTED,

_____

## CERTIFICATE OF SERVICE

I hereby certify I have served a copy of the forgoing OPPOSITION TO MOTION TO DISMISS on Yelena MacArthur, Attorney of Record for the Defendant at 4665 MacArthur Court Suite 280 Newport Beach, California 92660, pre-paid on this _____ day of May 2015

_____

COMPLAINT